Filed 11/25/20  P. v. Bell CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER LEE BELL,<br><br>    Defendant and Appellant. | A158213<br><br>(Contra Costa County<br>Super. Ct. No. 5-110611-1) |

Walter Lee Bell appeals from an order summarily denying his petition for resentencing pursuant to Penal Code[1] section 1170.95.  (See § 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)  Bell's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*).  Although Bell's appellate counsel advised Bell of his right to file a supplemental brief—bringing to this court's attention any issue he believed deserved review—Bell has not done so.

There is currently a split among appellate courts regarding whether an appeal from the summary denial of a section 1170.95 petition should be subject to *Wende* review.  (See *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["when an appointed counsel files a *Wende* brief in an appeal from a summary

___

[1] All statutory references are to the Penal Code unless otherwise specified.

1

denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice"]; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028–1029, review granted Oct. 14, 2020, S264278 [dismissing as abandoned *Wende* appeal from the summary denial of a section 1170.95 petition; noting that the "court has the duty to address any issues raised by the defendant [in supplemental briefing] but otherwise may dismiss the appeal without conducting an independent review of the record"].) Assuming without deciding that *Wende* review is available in these proceedings, our independent review of the record has revealed no arguable issues. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

The Contra Costa County District Attorney filed an information in Contra Costa County Superior Court on May 9, 2011, charging Bell with the January 20, 2009 malice aforethought murder of Rylan Fuchs (§ 187, subd. (a).) The information included a special allegation that Bell intentionally and personally discharged a firearm, causing great bodily injury and death to Fuchs within the meaning of section 12022.53, subdivision (d). It also alleged that the murder had occurred during the commission of an attempted robbery within the meaning of section 190.2, subdivision (a)(17).

At the subsequent jury trial, "[t]he prosecution's theory of the case was that Bell, Aaron Marks, and others planned to rob Rylan Fuchs, a marijuana

---

[2] In addition to the record before us, this factual recitation is drawn from our prior unpublished opinion in the matter (*People v. Bell* (Dec. 31, 2014, A139053) [nonpub. opn.]), a part of Bell's underlying record of conviction which the trial court judicially noticed in its consideration of the instant petition. (See *People v. Woodell* (1998) 17 Cal.4th 448, 456–457; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800.)

seller, under the pretext of buying four ounces of marijuana from him; Bell shot Fuchs during the botched robbery attempt.  The defense was that defendant went with Marks to buy marijuana, did not know Marks planned to rob Fuchs, and Marks shot Fuchs." (*People v. Bell*, *supra*, A139053.)  On May 13, 2013, the jury found Bell guilty as charged and found the special allegations true.  Bell was sentenced on June 21, 2013, to life without the possibility of parole, with a consecutive sentence of 25 years to life on the enhancement under section 12022.53, subdivision (d).  On appeal, we affirmed Bell's conviction in December 2014.  (*People v. Bell*, *supra*, A139053.)

In March 2019, Bell filed a form petition seeking resentencing pursuant to section 1170.95 and requested appointment of counsel.  The court appointed counsel for Bell that same month.  Thereafter, in May 2019, both the prosecutor and Bell's attorney indicated they were submitting the matter on the petition without further briefing.  The trial court summarily denied the petition by order dated July 17, 2019, finding that Bell was not eligible for relief under section 1170.95 because he was the actual killer.

## DISCUSSION

In 2018, Senate Bill No. 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)  Thus, section 1170.95 relief is not available for a defendant who personally commits murder.  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*); see *People v. Edwards* (2020) 48 Cal.App.5th 666, 674–

3

675, review granted July 8, 2020, S262481 (*Edwards*).) As detailed above, the record of conviction contains the jury's finding beyond a reasonable doubt that Bell personally discharged a firearm, killing Fuchs. Here, the question at trial was the identity of the shooter. Thus, by making this finding the jury necessarily found that Bell was the actual killer. (Cf. *People v. Jones* (2003) 30 Cal.4th 1084, 1120.)

We are aware that the Supreme Court has granted review on the issue of whether the trial court can rely on the record of conviction to conclude that a petitioner has failed to make a prima facie showing of eligibility for relief under section 1170.95. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) However, in this appeal we are required to judicially notice our prior opinion in this matter, as the trial court took judicial notice of it during its consideration of the instant petition. (See Evid. Code, § 459, subd. (a).) And our opinion establishes as a matter of law that Bell is ineligible for relief under section 1170.95. Thus, even if the trial court here erred by summarily denying the petition, Bell cannot demonstrate prejudice, and remand for any further hearing on the petition would be futile. (See *Edwards, supra,* 48 Cal.App.5th at p. 675; *Cornelius*, *supra*, 44 Cal.App.5th at p. 58.) The law does not require idle acts. (Civ. Code, § 3532.)

## DISPOSITION

The order denying Bell's section 1170.95 petition is affirmed.

                                                           _____

                                                           Sanchez, J.

WE CONCUR:


_____

Margulies, Acting P. J.


_____

Banke, J.